# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT WAYNE LOCKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV 11-040-RAW-SPS |
| | ) | |
| MEDICAL DIRECTOR OF | ) | |
| CORRECTIONAL HEALTH CARE | ) | |
| FOR THE OKLAHOMA | ) | |
| DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| Defendants. | ) | |

FILED

MAR 2 2 2011

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

## OPINION AND ORDER

Plaintiff, an inmate incarcerated at the W.P. Clements Unit of the Texas Department of Criminal Justice in Amarillo, Texas, brings this action under the authority of 42 U.S.C. § 1983, seeking declaratory relief, injunctive relief, and monetary damages for alleged constitutional violations that occurred during his incarceration in Oklahoma and Texas. The defendants are the Medical Director of Correctional Health Care for the Oklahoma Department of Corrections (ODOC); Dr. Carter, ODOC physician; the Medical Director for the W.P. Clements Unit; Jensen, Health Care Provider at the W.P. Clements Unit; Larry Meechum, ODOC Director; Peter Douglass, ODOC Senior Warden; the Medical Director of Texas Tech University Health Science Center in Lubbock, Texas; Dr. Julito Uy of the W.P. Clements Unit; and the Director of the Texas Board of Pardons and Paroles.

Plaintiff alleges that on or about August 17, 1984, he was released on parole by the State of Texas to the State of Arkansas, and he subsequently was transferred to Oklahoma. In January 1984 he was diagnosed with hepatitis C by Defendant Dr. Carter. Plaintiff claims

that during his incarceration in the ODOC until 2008, he requested medical treatment and complained about his symptoms related to sciatica and hepatitis, but Dr. Carter intentionally misdiagnosed his conditions and denied him access to medical treatment.

After completing his Oklahoma prison sentence in 2008, plaintiff was taken into custody by the Texas Department of Criminal Justice. Defendant Dr. Uy evaluated plaintiff for his various medical complaints, but Dr. Uy allegedly denied him access to medical care and treatment for his symptoms. Plaintiff subsequently has seen other medical providers in Texas, and he was diagnosed in October 2010 with advanced cirrhosis of the liver, a severely enlarged stomach, and diabetes. He asserts he is in constant pain and needs prompt hospitalization.

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff is mistaken in his assertion that the medical director for the Oklahoma Department of Corrections is located in Muskogee, Oklahoma, in the Eastern District of Oklahoma. According to the Oklahoma Department of Corrections' website at http://www.doc.state.ok.us/, the ODOC Chief Medical Officer, ODOC Medical Services Administrator, and ODOC Director are located in Oklahoma City, Oklahoma, which is in the Western District of Oklahoma. In addition, the only ODOC facility listed by plaintiff is the Lexington Unit, *see* Docket #1 at 21, which also is located in the Western District of Oklahoma. It, therefore, appears that none of the defendants reside in the Eastern District of Oklahoma, and none of the events of which plaintiff complains occurred in the Eastern District. Because proper venue does not lie in this district, *see* 28 U.S.C. § 1391(b), plaintiff's complaint is dismissed without prejudice.

**ACCORDINGLY,** this action is, in all respects, DISMISSED WITHOUT PREJUDICE, pursuant to 28 U.S.C. § 1406(a).

**IT IS SO ORDERED** this 22nd day of March 2011.

_Ronald A. White_
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**